Hamilton Ward, J.
This is an application by an inmate of the Attica State Prison for an order directing that the records of that institution and of the New York State Board of Parole be amended so as to credit the petitioner with certain parole warrant time alleged to have accrued to him in 1963 and with certain jail time alleged to have accrued in 1956.
It appears that the petitioner, serving a 5- to 10-year sentence imposed in 1958 by the Court of General Sessions of New York County, was paroled on March 29, 1963, to the State of California under the terms of the Interstate Compacts for out-of-State Supervision of Parolees (Correction Law, § 224). The affidavit of the Senior Parole Officer, New York State Division of Parole, recites the following chronology of events: “ On May 25, 1965 a telegram was received requesting a Parole Violation Warrant be issued as a protective device. Violation of Parole Warrant #36837 was issued and sent to California the same day. A report was also received on 5/25/65 (dated 5/12/65) which detailed his activities in California. On the basis of the threats made by the relator against one, Sheila Levinson, the Board declared him delinquent as of April 4,1965. A California report received 7/22/65 (dated 7/15/65) reported that on 5/27/65 Benjamin was taken to the Hollywood Division of the Los Angeles Police Department, by the Parole Agent, was placed under arrest on a burglary charge and on 5/28/65 the New York Violation of Parole warrant was filed. This report further indicated that the Los Angeles District Attorney’s office would not accept the burglary complaint against relator but would accept five counts of a Violation of 653(M) California Penal Code, offense committed by use of telephone — use of obscene language. A Los Angeles Police Department arrest report shows the date and time arrested, on these latter charges, to be June 8, 1965, 11:55 A.M. The California report also states that on 7/8/65 Benjamin was found guilty, in the Municipal Court of Los Angeles, Department 69, of one count of threatening telephone call. Benjamin received a suspended sentence and was placed on two years of summary court probation. A *1000 report received 8/10/65 (dated 8/4/65) shows that the original Burglary charge in California 5/27/65 was dropped on 6/3/65. New York agents took custody of Benjamin on July 28, 1965 and he was returned to Attica on August 5,1965, being credited with 28 days Parole Jail Time from 7/8/65 to 8/5/65.”
The petitioner now contends that he should be credited with all time spent by him in jail in California from the date of his arrest on May 27, 1965, until his return to prison on August 5, 1965.
No question is raised here as to the applicability of subdivision 2 of section 2193 of the Penal Law to the petitioner while he was detained in California solely as a parole violator. In fact, the Board of Parole has credited the petitioner with the time spent by him in jail in California following his sentence on July 8, 1965. This credit was applied presumably because during this period the petitioner was detained solely by reason of the parole violation warrant lodged against him, the criminal charge having been disposed of by the imposition of a suspended sentence and probation. As to the balance of the period of detention, subdivision 2 of section 2193 has no application since the petitioner, detained first upon a burglary charge and later upon a charge of a different violation of the California Penal Code, was not retaken as a mere parole violator. It is true that a hiatus occurred between June 3 when the burglary charge was dropped and June 8 when the petitioner was rearrested on the second charge but, even during this period, the claim of New York State authorities to the petitioner’s custody was subordinate to the right of the State of California to detain him and, therefore, New York did not have complete and unconditional custody so as to set the petitioner’s sentence running anew. (See People ex rel. Rainone v. Murphy, 1 N Y 2d 367; Matter of Perillo v. State Bd. of Parole, 4 A D 2d 355.) The Interstate Compact (Correction Law, § 224, subd. 1, par. [3]) provides in pertinent part: “ that if at the time when a state seeks to retake a probationer or parolee there should be pending against him within the receiving state any criminal charge, or he should be suspected of having committed within such state a criminal offense, he shall not be retaken without the consent of the receiving state until discharged from prosecution or from imprisonment for such offense.” It seems fair to say that during the five-day period the petitioner was at least “ suspected of having committed * * * a criminal offense ” so that his detention by California authorities was superior to the claim of the Division of Parole, absent consent on the part *1001 of the State of California to a retaking of the petitioner by New York State authorities.
The claim by the petitioner to jail time credit pursuant to subdivision 1 of section 2193 of the Penal Law is without merit since the time claimed was spent in Federal detention in the District of Columbia awaiting trial upon Federal charges prior to his extradition to the State of New York for trial upon the charges for the conviction of which he is now incarcerated. The subdivision cited has been construed as allowing credit for detention or incarceration when such confinement is predicated upon the charge for which conviction is later had and sentence imposed. (People v. Kowalsky, 2 A D 2d 938, affd. 2 N Y 2d 949; People ex rel. Kern v. McDonnell, 137 N. Y. S. 2d 149.) This is not to say that so-called extradition time may not be credited upon a subsequent sentence (see People v. Nagler, 21 A D 2d 490); but the detention here was predicated not upon an extradition warrant but upon a charge of crime committed in the jurisdiction of detention, here — the District of Columbia.
The petition should, therefore, be denied in all respects and the proceeding dismissed.