■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI TROIA, Appellant. — Appeal by defendant, as limited by his motion, from an amended sentence of the Supreme Court, Kings County (Hellenbrand, J.), imposed December 6, 1982, upon his conviction of violation of probation, the sentence being an indeterminate prison term of one to three years to run consecutively to a Federal sentence. Amended sentence affirmed. In February, 1980, defendant was convicted, upon his guilty plea, of attempted criminal possession of a weapon in the third degree and was sentenced to five years' probation and a $1,000 fine. Two years later, he was convicted in Federal court of conspiring to misappropriate food stamps (US Code, tit 18, § 371) and was sentenced to 57 months' confinement. Prior to serving his Federal sentence defendant was arrested on unrelated State charges for sale and possession of a controlled substance and was held in State custody for approximately 10 months before his sentence of probation on the weapon charge was revoked and Criminal Term resentenced him to an indeterminate term of 1 to 3 years (CPL 410.70) to run consecutively to the Federal sentence. Thereafter, defendant was convicted, after a jury trial, of criminal sale of a controlled substance in the first and second degrees and sentenced to a term of 20 years to life. Defendant now argues that the 1- to 3-year sentence involving the weapon charge after violation of probation was excessive and that the People's actions prevented him from serving his Federal sentence while in State custody pending trial of the drug charges. While prior law did not permit a State sentence to run concurrently with a previously imposed Federal sentence (*People v Schatz,* 45 AD2d 853; *Matter of Vitale v Wilkes,* 49 AD2d 702), the statute now authorizes the State sentence to be served concurrently or consecutively with an undischarged term of a sentence previously imposed by a Federal or sister State court (Penal Law, § 70.25, L 1975, ch 782; *People v Alexander,* 62 AD2d 1041). In light of defendant's serious criminal record we do not view the sentence involving the weapon charge to be either harsh or inappropriate (see *People v Suitte,* 90 AD2d 80). In addition, defendant was not prejudiced by his State detention pending trial of the drug charges since he is entitled, as a matter of law, to be credited with this jail time against his State sentences (see Penal Law, § 70.30; *People ex rel. Davis v Arnette,* 44 NY2d 877). Lazer, J. P., Bracken, Brown and Boyers, JJ., concur.