In the Matter of LARRY PETERSON, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.

Second Department, March 12, 1984

APPEARANCES OF COUNSEL

*William D. Gibney* and *David C. Leven* for appellant.

*Robert Abrams, Attorney-General* (*Melvyn Leventhal, Gerald Ryan* and *Burton Herman* of counsel), for respondent.

OPINION OF THE COURT

TITONE, J. P.

The sole issue on this appeal is whether petitioner, Larry Peterson, presently serving concurrent sentences for robbery in the second degree and attempted possession of a weapon in the third degree, is entitled to mandatory jail time credit, by virtue of subdivision 3 of section 70.30 of the Penal Law,[1] for 191 days spent in Federal custody on an

---

1. Subdivision 3 of section 70.30 of the Penal Law provides as follows:

"3. Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a

unrelated charge. We conclude that petitioner may obtain credit only for the period after a detainer warrant or other instrument placing him in constructive custody in connection with the State charges was filed and up to and until his Federal sentence commenced, provided that the detainer was the sole cause of petitioner's inability to obtain release from confinement. Because the record is silent as to when such constructive custody commenced, if at all, we must remit the matter for additional findings.

On May 31, 1975, petitioner was arrested on a robbery charge in Bronx County and was released on bail. He was thereafter arrested on a weapons charge in Queens County and again released on bail. On January 23, 1976, petitioner was arrested a third time, on Federal bank robbery charges, and was held in custody at a Federal correctional facility in Manhattan. As a result of the Federal charges, petitioner alleges that bail in the Queens case was revoked at an unspecified subsequent date. In any event, petitioner was detained in Federal custody from the date of his arrest. Bail was either not set or petitioner was unable to meet it.

The Federal charges were disposed of first. On June 18, 1976, petitioner was sentenced in the United States District Court for the Eastern District of New York to 10 years imprisonment. He was then sentenced in Queens, on June 25, 1976, to a term of 2 to 4 years' imprisonment and in The Bronx, on December 10, 1976, to 5 to 10 years' imprisonment, both sentences to run concurrently with the Federal sentence. In the interim between the Queens and Bronx

---

result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court or by the board of parole, the credit shall also be applied against the minimum period. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject. Where the charge or charges culminate in more than one sentence, the credit shall be applied as follows:

"(a) If the sentences run concurrently, the credit shall be applied against each such sentence;

"(b) If the sentences run consecutively, the credit shall be applied against the aggregate term or aggregate maximum term of the sentences and against the aggregate minimum period of imprisonment.

"In any case where a person has been in custody due to a charge that culminated in a dismissal or an acquittal, the amount of time that would have been credited against a sentence for such charge, had one been imposed, shall be credited against any sentence that is based on a charge for which a warrant or commitment was lodged during the pendency of such custody."

sentencing proceedings, petitioner had been transferred from the Federal correctional facility in Manhattan to the Federal correctional institution at Ashland, Kentucky, arriving there on August 3, 1976. Following parole from the Federal sentence, petitioner began serving the State sentences on January 22, 1982.

In this CPLR article 78 proceeding, petitioner seeks jail time credit against his State sentences from January 23, 1976, the date he was taken into Federal custody, until he arrived at the Federal correctional institution at Ashland, Kentucky. It is conceded that jail time credit was received on the Federal sentence in accordance with applicable law (US Code, tit 18, § 3568). Special Term denied all relief. We reverse and remit for a hearing to determine the amount of credit, if any, that should be awarded, to be calculated in accordance with the principles set forth below.

The threshold question is whether the provisions of subdivision 3 of section 70.30 of the Penal Law are applicable to jail time spent in the custody of Federal authorities. Neither party has supplied us with any cases on the subject and we have been unable to find any (but compare *Matter of Benjamin v Meyer,* 48 Misc 2d 998, 1001 [provisions of section 2193 of the former Penal Law held inapplicable to time spent in Federal detention upon Federal charges prior to extradition] with *People v Nagler,* 21 AD2d 490 [extradition jail time on same charge credited under section 2193 of the former Penal Law]; see, also, Right to Credit for Time Spent in Custody Prior to Trial or Sentence, Ann., 77 ALR3d 182, § 16c). Analysis of the legislative history and policy behind subdivision 3 of section 70.30 of the Penal Law as well as the construction given the parallel provisions of Federal law is, however, illuminating.

In *Matter of Kalamis v Smith* (42 NY2d 191, 197), the Court of Appeals traced the development of the concept of jail time credit explaining that the: "primary purpose of the statute is to give a person convicted of a crime, credit for the time he has spent in local custody awaiting disposition of the charge. It is also intended to give him credit for the time spent in a local facility after pronouncement of sentence, since an indeterminate sentence does not formally commence until the person is received at a State

institution (Penal Law, § 70.30, subd 1), and a definite sentence does not formally commence until he is received at the institution named in the commitment (Penal Law, § 70.30, subd 2)."

A similar statutory scheme exists in the Federal system (US Code, tit 18, § 3568)[2] which evinces an identical policy (see *Gilbert v United States*, 299 F Supp 689, containing a lengthy discussion of its legislative history). In such circumstances, we may look to Federal cases for guidance (McKinney's Cons Laws of NY, Book 1, Statutes, § 72, p 144; see *Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546, 548-549).

In interpreting the Federal statute, the cases have dealt with the converse of the matter now before us, i.e., where an individual is detained in State custody while Federal charges are also pending and Federal jail time credit is sought. Such credit must be given under section 3568 of title 18 of the United States Code "only if the defendant proves that his state confinement 'was exclusively the product of such action by federal law-enforcement officials as to justify treating the State jail as the practical equivalent of a federal one' " (*United States v Shillingford*, 586 F2d 372, 375, quoting *Ballard v Blackwell*, 449 F2d 868, 869). Thus, the credit must be given if a State defendant is denied bail solely as a result of a Federal detainer, i.e., if the Federal detainer otherwise prevents release from State custody (*United States v Shillingford, supra,* p 375, n 6; *Davis v Attorney General of U.S.*, 425 F2d 238; *Brown v United States,* 311 F Supp 325). "Or, to state it affirmatively, if absent the Federal detainer and under available state procedures [a defendant] could have been released from the contemporary State confinement, credit must be given." (*Ballard v Blackwell, supra,* p 869.)

Conversely, absent such a detainer, credit is to be denied. An inmate cannot receive credit for the same period of time against both Federal and State sentences unless he was in the constructive custody of both for the same period of time (*Roche v Sizer,* 675 F2d 507, 510; *Crawford v*

---

**2.** The pertinent portion of section 3568 of title 18 of the United States Code provides: "The Attorney General shall give [a Federal prisoner] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed".

Jackson, 589 F2d 693, cert den 441 US 934; *Siegel v United States,* 436 F2d 92, 95; *Wolcott v Norton,* 365 F Supp 138, affd 487 F2d 513). In other words, if the detainer *alone* is not the cause of the inmate's detention, the credit is denied (e.g., *Culotta v Pickett,* 506 F2d 1061, cert den 421 US 968; *Chaplin v United States,* 451 F2d 179; *Bell v District of Columbia Dept. of Corrections,* 403 A2d 330, 332 [DC]).

We think that subdivision 3 of section 70.30 of the Penal Law should receive a similar construction. Indeed, we would note that we implicitly adopted such a construction in *People ex rel. Middleton v Zelker* (42 AD2d 998, affd on mem at App Div 36 NY2d 691) for, in that case, in which the petitioner was incarcerated on two State charges, we held that credit on the second charge accrued only upon the filing of a detainer warrant on the second charge (see, also, McSparron & McNulty, Jail Time Credit in New York: A Proposal for Uniformity, 41 Albany L Rev 733, 742-743). Sister States have adopted this approach as well (see, e.g., *Williams v State,* 280 NW2d 406, 407 [Iowa]).

Petitioner's reliance on subdivision 2-a of section 70.30 of the Penal Law[3] to support his thesis that he is automatically entitled to jail time credit for time spent in custody elsewhere is misplaced. That subdivision was enacted to overcome the holdings of cases like *People v Etcheverry* (37 NY2d 853) and *People v Schatz* (45 AD2d 853), which precluded running a State sentence concurrently with a Federal sentence (see *People v Troia,* 96 AD2d 954; Hechtman, 1975 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.20, pp 184-185, 1983-1984 Pocket Part). There is no indication that the Legislature intended this provision to govern jail

---

**3.** Subdivision 2-a of section 70.30 of the Penal Law reads as follows: "2-a. Undischarged imprisonment in other jurisdiction. Where a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction is sentenced to an additional term or terms of imprisonment by a court of this state, to run concurrently with such undischarged term, such additional term or terms shall be deemed to commence when the said person is returned to the custody of the appropriate official of such other jurisdiction where the undischarged term of imprisonment is being served. If the additional term or terms imposed shall run consecutively to the said undischarged term, such additional term or terms shall commence when the prisoner is received in the appropriate institution as provided in subdivisions one and two of this section. The term or terms of such imprisonment shall be calculated and such other pertinent provisions of this section applied in the same manner as where a person is under more than one sentence in this state as provided in this section."

time credit. The statutory language, in fact, indicates quite the contrary. Subdivision 2-a is meant to govern the calculation of the "term or terms" of imprisonment, including the time the State sentence is to commence, whereas subdivision 3 concerns a separate *credit* to be applied against the term of imprisonment. Under subdivision 3, when an individual is detained on a charge which results in an acquittal, credit against other charges is not permitted unless "a warrant or commitment was lodged during the pendency of such custody."

There is no evidence, on the record before us, as to whether a State detainer was filed or the State was otherwise responsible for petitioner's continued detention in Federal custody. If, for example, there was no bail set on the Federal charge or petitioner would not have been able to make such bail, credit would be interdicted (see, e.g., *Culotta v Pickett, supra; Chaplin v United States, supra; Ballard v Blackwell,* 449 F2d 868, 870, *supra*). Accordingly, there must be a remand in order to afford petitioner the opportunity of establishing the allegation in his petition that bail on the State charges was, at some point, revoked (*Ballard v Blackwell, supra*).

This does not end the matter, however, for we still must determine the manner in which the credit is to be calculated, assuming that petitioner is able to establish constructive custody on remittal. We hold that credit may be received from the date that State constructive custody commenced until June 18, 1976, the date that the Federal sentence was imposed.

While petitioner claims that his Federal sentence did not commence until he arrived at the Federal institution at which he was to serve his sentence, this claim is based upon a truncated quotation of the pertinent provision of section 3568 of title 18 of the United States Code[4] quoted in his brief.[5] To be sure, under that section a Federal sentence generally commences when an inmate arrives at the place

---

**4.** This portion of section 3568 of title 18 of the United States Code provides: "If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

**5.** We again admonish counsel that we will not tolerate attempts to mislead the court through inaccurate renditions of controlling authorities or facts in briefs (see *Matter of Cicio v City of New York,* 98 AD2d 38).

the sentence is to be served. But when, as here, the defendant is "committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, [the] sentence * * * commence[s] to run from the date * * * he is received at such jail or other place of detention" (US Code, tit 18, § 3568), i.e., when he is detained by Federal authorities after imposition of sentence (e.g., *United States v Huss,* 520 F2d 598, 602; *United States v Kanton,* 362 F2d 178, 179-180; *Gunton v Squier,* 185 F2d 470, 471; *Murphy v Nelson,* 443 F Supp 645, 646).

The importance of this distinction lies in the fact that subdivision 3 of section 70.30 of the Penal Law expressly excludes credit for "any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject." This provision has been consistently construed to mean that once a defendant begins serving a sentence, any time spent in custody after commencement of that sentence, regardless of whether it be in local or State custody, cannot be credited against the sentence previously imposed (*Matter of Kalamis v Smith,* 42 NY2d 191, 198, *supra; Matter of DeLesline v Ward,* 54 AD2d 1132; *Matter of Canada v McGinnis,* 36 AD2d 830, affd 29 NY2d 853). Consequently, petitioner may not obtain any jail time credit for the time spent in Federal custody after June 18, 1976.

With respect to the remaining period in issue, January 23, 1976 to June 18, 1976, we note that petitioner may obtain credit against his present sentences although the custody resulted from another charge. As we explained in *Matter of Colon v Vincent* (49 AD2d 939, 940, affd on mem at App Div 41 NY2d 1084), which we deem controlling here, even though petitioner originally served this time on another charge, since the "time was not credited against the term of a 'previously imposed sentence', the statutory exclusion applicable to that situation does not apply. Furthermore, although the crimes were committed at different times, they culminated in more than one concurrent sentence; the statute instructs that 'the credit shall be applied against *each* such sentence'. [Penal Law, § 70.30, subd 3.] Where a court sentences a defendant to concurrent indeterminate terms, we presume that its intention is to place the

defendant in incarceration for the maximum term imposed, and no longer. We therefore interpret the statutory language, 'the credit shall be applied against *each* such sentence' as warranting the application of the cumulative *total* of jail time to each maximum term."

Nonetheless, *Colon (supra),* does not authorize a full relation-back irrespective of if and when a State detainer or its equivalent was filed. In *Colon,* petitioner was at all relevant times in State or local custody and detained on State charges. As we have explained, here petitioner is not entitled to credit unless and until his detention resulted from the action of the State or local authorities (see *People ex rel. Middleton v Zelker,* 42 AD2d 998, *supra; Ballard v Blackwell,* 449 F2d 868, *supra*).

For the reasons stated, the judgment appealed from should be reversed, on the law, and the matter remitted to the Supreme Court, Dutchess County, for a hearing. At such hearing, it will be petitioner's burden to establish that all or a portion of the time he spent in Federal custody prior to June 18, 1976 resulted solely from a State detainer. The significant questions will be (a) whether bail was set on the Federal charge, (b) whether he had the financial ability to meet the bail set on the Federal charge, and (c) whether his inability to post bond or secure his release resulted solely from the existence of the State detainer (see *Ballard v Blackwell, supra,* p 870). If all these questions are answered affirmatively, respondent should be directed to credit petitioner with jail time, computed in the manner discussed in this opinion. No costs are awarded to either party.

Mangano, O'Connor and Brown, JJ., concur.

Judgment of the Supreme Court, Dutchess County, dated November 9, 1982, reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Dutchess County, for a hearing in accordance with the opinion herewith.