■ In the Matter of CHARLES KEFFER, Appellant, v THEODORE REID, as Superintendent of Fishkill Correctional Facility, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel respondents to credit petitioner with 96 days of jail time allegedly accumulated on a sentence imposed and served in New Jersey, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Walsh, J.), dated November 9, 1982, which denied the application. ¶ Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith. ¶ On August 29, 1980, petitioner was arrested in Bergen County, New Jersey, on charges of burglary and theft, and was held in the Bergen County Jail. On December 5, 1980, he was sentenced on those charges to two concurrent indeterminate terms of imprisonment of up to four years. On December 19, 1980, he was sent to a reception center of the New Jersey Department of Correction to begin serving his sentences. The 96 days of jail time served between August 29, 1980 and December 5, 1980 were credited to his New Jersey sentences. He was subsequently sent to Rockland County under a New York detainer warrant to answer charges predating his New Jersey arrest. On April 23, 1981, he was sentenced on these charges to two concurrent indeterminate terms of one to three years' imprisonment, to be served concurrently with the New Jersey sentences, and was returned to New Jersey to continue serving his sentences there. At that time, under subdivision 2-a of section 70.30 of the Penal Law, he also commenced serving his New York sentences. On September 22, 1981, he was paroled to New York to continue serving his sentences here; his New Jersey parole expires on June 15, 1984. Respondents refused petitioner's request to have the 96 days of New Jersey jail time credited to his New York sentences. This proceeding ensued. ¶ Were this a matter involving jail time served only in New York, on New York charges alone, petitioner would clearly be entitled to the credit (see Penal Law, § 70.30, subd 3). In *Matter of Colon v Vincent* (49 AD2d 939, affd on mem at App Div 41 NY2d 1084), it was held that

jail time which was originally served on one charge alone may be credited against another charge as well if concurrent sentences are imposed at the same time on both charges. In *Matter of Collins v Vincent* (42 NY2d 191), it was held that jail time may be credited against each of several concurrent sentences even if they are imposed at different times. These principles have since been followed by this court in *Matter of Charos v New York State Dept. of Correctional Servs.* (53 AD2d 654); *People ex rel. Kovzelove v Bombard* (54 AD2d 968), and *Matter of Tubwell v New York State Bd. of Parole* (67 AD2d 949). ¶ However, in *Matter of Peterson v New York State Dept. of Correctional Servs.* (100 AD2d 73), we established an entirely different set of rules in addressing a situation in which a New York prisoner sought credit against his New York sentence for jail time spent in Federal custody, where a New York detainer warrant had been filed against him. We there held that the petitioner would be entitled to such a credit only if he could demonstrate that his Federal custody resulted solely from the New York detainer. We see no reason not to apply the same rules to the matter before us on this appeal, where petitioner seeks credit against his New York sentence for jail time spent in the custody of New Jersey authorities. However, as in *Peterson (supra)* the record before us does not contain evidence as to the determinative factors, i.e., (a) whether bail was set on the New Jersey charges, (b) whether petitioner had the financial ability to meet the bail set on those charges, and (c) whether his inability to secure his release resulted solely from the existence of the New York detainer. We note further that the record herein does not indicate the date of the New York detainer, which would be the earliest time at which petitioner could be considered to be in the constructive custody of New York authorities, and thus entitled to New York jail time credit. We therefore reverse the judgment and remit the matter to the Supreme Court, Dutchess County, for a hearing in accordance with our decision in *Matter of Peterson v New York State Dept. of Correctional Servs. (supra),* at which petitioner will bear the burden of establishing that all or a portion of his New Jersey custody resulted solely from the New York detainer. If petitioner succeeds in meeting his burden of proof on this issue, under the guidelines set forth in *Peterson (supra)* then respondents should be directed to credit him with jail time for any portion of his time spent in the Bergen County Jail between August 29, 1980, and December 5, 1980, during which a New York detainer prevented his release on bail on the New Jersey charges. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.