*Miller v. Pallito*, No. 463-8-14 Wncv (Teachout, J., December 2, 2014)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                              **CIVIL DIVISION**
**Washington Unit**                                          **Docket No. 463-8-14 Wncv**


**JASON MILLER**


**v.**


**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections**


## DECISION
## Review of Governmental Action:  Sentence Calculation


Jason Miller, an inmate, seeks review of the date on which the Department of Corrections has determined he will be released from prison, arguing that he has not been properly credited with 128 days he spent in detention in Wisconsin.  A hearing on the merits was held on October 20, 2014.  Mr. Miller was present and represented by Attorney Seth E. Lipschutz.  The Commissioner was represented by Attorney Emily A. Carr.


### Findings of Fact

Mr. Miller was sentenced in Vermont on December 5, 2005 to a term of three to eight years.  In this case, he seeks credit for two time periods, totaling 128 days, during which he was detained in Wisconsin.  The Department's position is that he is not entitled to credit for either of those periods.  In addition, he challenges whether the Department's calculation of ERT (earned release time), which is a credit against his sentence, is accurate.

On August 23, 2010, Mr. Miller was in Wisconsin and arrested on a warrant from Vermont.  He had not completed serving his 2005 Vermont sentence.  At the time of his arrest, he was also found to be subject to a Wisconsin "Commitment Order" related to fines he owed in Wisconsin in the amount of $1,446.00.  The Order required him to serve up to 70 days in jail, but he could be released if he paid the fine amount.  He did not pay the amount.  From August 23, 2010 to November 1, 2010, he was detained both on the Vermont arrest warrant and on the

unpaid fine Commitment Order. During his detention he never had a court hearing on the issue of detention for unpaid fines. (He has since paid most of it.) On November 1, 2010, he had been held for a total of 70 days. He had served the full 70 days related to the fines, but under Wisconsin law, he still owed the full amount of unpaid fines. Thereafter, from November 1, 2010 until November 22, 2010, he was detained in Wisconsin only on the Vermont warrant. On that date he was released as no Governor's Warrant had been obtained from Vermont.

On June 17, 2013, officers approached his house to arrest him on the outstanding arrest warrant from Vermont. At approximately the same time that the officers drove up, he drove up to his house. The officers smelled alcohol on his breath. He was arrested on the Vermont warrant; he was also arrested on a charge of "OAWI-5th," apparently the equivalent of a DUI. On June 19, 2013, he was subjected to a cash bond of $10,000 on the Vermont warrant. As of June 21, 2013, cash bond was set at $2,500.00 on the OAWI charge. His attorney filed a motion for dismissal of the OAWI charge, and it was dismissed on August 14, 2013 on the grounds that there was no probable cause basis for the arrest. He remained in custody in Wisconsin until September 13, 2013, when he was released, as there was no Governor's Warrant from Vermont.

He seeks credit for the time periods of:

|  |  |
|---|---|
| August 23, 2010 – November 1, 2010 | (70 days) |
| June 17, 2013 – August 14, 2013 | (58 days) |

The Department claims that he is not entitled to such credit.

He also believes that the Department has miscalculated the amount of ERT to which he is entitled. A prisoner is entitled to 10 days of ERT for each 30 days served, but the 30 days must have been actually served. The credit is not applied against time that is not served but for which credit is given for other reasons. Mr. Miller's explanation of the number of days for which he believes he is entitled to additional ERT credit was brief and summary and not clearly explained.

### Conclusions of Law

Attorneys for both parties agree that the claim for credit for days in detention in Wisconsin is governed by the case of *State v. Coe,* 150 Vt. 448 (1988). They disagree as to how the holding in that case should be applied in this case.

As to the 70 days in 2010, Mr. Miller argues that he was really arrested on the Vermont warrant. He seems to argue that the unpaid fines detention (a) was incidental to the real basis for the detention, which was the Vermont warrant, and (b) should be treated as a nullity because even after he had served the 70 days for not paying the fine, he still had the obligation to pay the full $1,446.00 in unpaid fines.

As to the 58 days, he argues that because the initial reason for his arrest was the Vermont warrant, and because the Wisconsin charge was dismissed for lack of probable cause, his time in detention for Wisconsin purposes had no valid basis, and that since the only valid basis for detention was the Vermont warrant, he should receive credit against his Vermont sentence.

*Coe* addressed whether a defendant, following the revocation of Vermont probation, is entitled to credit for time served under the out of state sentence on the charge that caused the revocation. Until its 2013 amendment, 13 V.S.A. § 7031(b) entitled a defendant to "credit toward service of his or her sentence for any days spent in custody in connection with the offense for which sentence was imposed." 2013, No. 4, § 1. In the language of the statute, *Coe* addressed whether out of state custody is "in connection with" the Vermont offense. The Vermont Supreme Court resolved the matter by adopting the "sole basis" rule that federal courts had adopted for multiple jurisdiction sentence credit cases under 18 U.S.C. § 3568 (repealed), which hinged on analogous "in connection with" language. As described by the Vermont Supreme Court, the rule is this: "Where a Vermont defendant seeks presentence credit for days spent in custody in another jurisdiction, he bears the burden of establishing that the charge on which [the Vermont] sentence is imposed was the sole basis of the custody at issue." *Coe*, 150 Vt. at 452.

Application of the sole basis rule in *Coe* was straightforward. The defendant was not entitled to time spent in New York custody pursuant to his New York sentence even though he also was being held on a Vermont warrant. The Vermont warrant was not the sole basis of his custody in New York. The proper application of the sole basis rule, to the extent described in *Coe*, is somewhat less clear in this case. Guidance is available, however, in the more nuanced federal decisions applying the rule. See generally Annotation, *When is federal prisoner entitled, under 18 U.S.C.A. § 3568, to credit for time spent in state custody "in connection with" offense or acts for which federal sentence was imposed*, 47 A.L.R. Fed. 755.

Generally, a federal [here, Vermont] warrant or detainer will be the sole basis of out-of-state incarceration for purposes of pre-sentence credit if it prevents the prisoner's release on an "otherwise bailable" out-of-state offense. *Id*. § 3[a]. If the prisoner had no hope of release under the out-of-state charge, there is no possibility of presentence credit on the Vermont charge; the basis for the hold was the out-of-state charge, in which case the Vermont sentence was not the sole basis for the detention.

The case law reflects different fact patterns in which the prisoner may or may not have been able to be released despite a federal detainer or warrant. See annotations at *id*. §§ 3[a], 3[b], 3[c]. In general, the prisoner will not be entitled to double credit. *Id*. § 4[a]; but see *United States v. Gaines*, 449 F.2d 143, 144 (2d Cir. 1971) (financial inability to post bail does not necessarily foreclose presentence credit). On the other hand, if the prisoner had the opportunity for release on the out-of-state charge, the sole basis for the time served is reasonably deemed to

3

be the Vermont sentence, since without it, he or she could have posted bail and not be detained. Where credit is given on the out-of-state sentence, the prisoner typically will not be entitled to credit on the Vermont charge as well.

Application of the basic principle—that an opportunity for bail on the out-of-state charge means that the sole basis for actual detention is the Vermont sentence—to the facts of this case results in credit to Mr. Miller on his Vermont sentence for both the 70-day and 58-day periods of incarceration in Wisconsin.

The 70-day period was the functional equivalent of a bailable offense—he could have been released from detention in Wisconsin upon payment of the fine at any time. There is no prospect of "double credit." Mr. Miller's incarceration pursuant to the 2010 Commitment Order was only intended to induce payment of the fine—there was no sentence being served.

During the 58-day period, he was detained by Wisconsin on a bailable offense. He had the opportunity to post bail on the OAWI charge though he did not do so. Moreover, he was never convicted of the OAWI charge so it was impossible for him to have obtained "double credit."

Mr. Miller is entitled to 128 days credit for time served in Wisconsin.

As to the claim for incorrect calculation of ERT credit, Petitioner has not met his burden to prove his claim by a preponderance of the evidence.

## Order

The Department shall recalculate Mr. Miller's effective sentence, including 128 days credit for time served as described above.

Dated at Montpelier this __ day of December 2014.

_____
Mary Miles Teachout
Superior Judge