STATE OF VERMONT

SUPERIOR COURT
Windsor Unit

CIVIL DIVISION
Docket No. 16-1-16 Wrcv

RICHARD BOSLEY,
    Petitioner

v.

LISA MENARD,
    Respondent

DECISION
Plaintiff's Motion for Summary Judgment (#3) and
Respondent's Motion to Dismiss (#1)

The Petitioner, Richard Bosley, moves for summary judgment in this action in which he challenges a Department of Corrections sentence computation. Respondent seeks dismissal.

The Petitioner filed a Petition for Writ of Habeas Corpus on January 6, 2016, in the Washington Unit of the Superior Court. It was subsequently transferred to this court on January 14, 2016. The Respondent filed a Motion to Dismiss on January 27, 2016. Petitioner moved for summary judgment on February 12, 2016. The court heard oral argument on the motions on June 29, 2016. The Petitioner is represented by Seth Lipschutz and the Respondent is represented by Assistant Attorney General Emily Carr.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). While the Respondent's Motion to Dismiss was filed first, the pertinent facts are undisputed between the parties. The dispute concerns applicable law. Therefore, the case is analyzed first within the framework of the Motion for Summary Judgment and the undisputed facts.

Facts

The following facts are undisputed:

1. The Petitioner was incarcerated in Connecticut on a Connecticut sentence that maxed out on May 26, 1999.

2. Vermont issued an arrest warrant and lodged it as a detainer in Connecticut on December 8, 1997 while Petitioner was serving the Connecticut sentence.

3. A report of an "Alcohol and Drug Dependence Evaluation" prepared by the Connecticut Department of Mental Health and Addiction Services dated June 16, 1998 recommended transition to rehabilitation services and then possibly release to a

FILED

JUL 2 6 2016

Page 1 of 5

VERMONT SUPERIOR COURT
WINDSOR UNIT

halfway house. The report includes mention of the fact of a pending charge in Vermont but says nothing more than that about it.

4. The Petitioner alleges that he would have been eligible for furlough-type release in Connecticut starting sometime in 1998, but for the Vermont detainer.

5. There is no indication that the Petitioner was reviewed for furlough by any corrections authority in Connecticut.

6. Petitioner completed his Connecticut sentence on May 26, 1999 and received credit to that date but was held in Connecticut beyond that date because of the Vermont detainer.

7. Return on the Vermont arrest warrant was made on June 3, 1999. On September 10, 1999, he was sentenced in Vermont and received credit for time served beginning June 2, 1999.

8. Between May 26,1999 and June 2, 1999, Petitioner was held in custody in Connecticut and received no credit on a Connecticut sentence because he had already served all his time under the Connecticut sentence, and did not receive credit on his subsequent Vermont sentence.


## Conclusions

The Petitioner seeks credit against his Vermont sentence for time served from December 8, 1997 to June 2, 1999.

*Motion for Summary Judgment*

The parties agree that this case is governed by *State v. Coe*. In *Coe*, the Vermont Supreme Court adopted the federal "sole basis" rule such that credit against a Vermont sentence for time served in a non-Vermont jurisdiction on unrelated charges can only be granted during time when the only basis for the person's incarceration was the Vermont action. *State v. Coe*, 150 Vt. 448, 451 (1988) (incorporating by reference 18 U.S.C. § 3585). Otherwise, a person would receive double credit—credit against the Vermont sentence while also receiving credit against a sentence from another jurisdiction. Thus, the petitioner has the burden to show that, but for action on the part of Vermont, the petitioner would not have been in custody in the other state.

There are two distinct periods of time at issue: first, there is the period from the date of the Vermont detainer to the maxing out of the Connecticut sentence, that is, from December 8, 1997 to May 26, 1999. Second, there is the period from the maxing out of the Connecticut sentence to the date on which he began to receive credit on the Vermont sentence, that is, from May 26, 1999 to June 2, 1999.

With respect to the second period, from May 26, 1999 to June 2, 1999, there is no real dispute that the sole basis for the Petitioner's confinement in Connecticut was the Vermont

detainer: he was only being held in Connecticut pending his transfer to Vermont. With respect to these seven days, the Petitioner is entitled to credit that he has apparently not received.

With respect to the first period, from December 8, 1997 to May 26, 1999, he seeks credit for the period of time he alleges he could have been in less restrictive custody but for the Vermont detainer.

There is no dispute that the Connecticut sentence maxed out on May 26, 1999. Until that date, Connecticut had a valid, independent basis for confining the Petitioner. The time he served in Connecticut during that period was credited against his Connecticut sentence. Even if he had been allowed to live in a half-way house on furlough status, he still would have been serving time under his Connecticut sentence. Thus, the Petitioner cannot meet the requirements of *Coe* because the period from December 1997 to May 1999 in Connecticut was credited against the Connecticut sentence itself, and would have been even if he had been on furlough status.[1] The Vermont detainer was not the sole basis for him being in custody in Connecticut.

The Petitioner nevertheless alleges that he would have been eligible to live outside of prison in a half-way house if it were not for the Vermont detainer. He argues that credit should be given if the Vermont detainer is the only reason he was not allowed to step down to a less restrictive form of custody.

Where a detainer is the sole reason bail is not given for an otherwise bailable offense, credit should be given for pretrial confinement. See *Davis v. Attorney General*, 425 F.2d 238, 240 (5th Cir. 1970); see also *Miller v. Pallito*, No. 463-8-14 Wncv (Teachout, J., Dec. 2, 2014) (as cited by the parties). However, eligibility for supervised release is very different from bail. The reason that the person is confined in most bail situations (or, like the situation in *Miller*, confinement to compel payment of a fine), is lack of ability to pay; if the person can pay the bail, he or she is entitled to liberty and is not in custody. Release of an inmate to furlough turns on many other considerations. The inmate remains in the custody of the commissioner of the department of corrections, whether in jail or on furlough, and the inmate is serving time against the sentence.

Petitioner essentially asks the court to change the principle of *Coe*. As described by the Vermont Supreme Court, the rule is this: "Where a Vermont defendant seeks presentence credit for days spent in custody in another jurisdiction, he bears the burden of establishing that the charge on which [the Vermont] sentence is imposed was the sole basis of the custody at issue." *Coe*, 150 Vt. at 452. Interpreting the meaning of the term "custody" within the context of the facts in *Coe*, "custody" in the quoted sentence refers to being confined on terms in which there is no opportunity to pay to leave and be at liberty. Petitioner wishes *Coe* to be interpreted to mean that he only has to show that the Vermont charge was the reason that he was within prison walls as opposed to

---

[1] At the motion hearing, the Petitioner made an argument that *Coe* has been modified by amendments to 13 V.S.A. § 7031(b)(1), which governs calculation of sentences. Section 7031(b)(1) provides that "The period of credit for concurrent and consecutive sentences shall include all days served from . . . the date of the earliest detention for the offense . . . and end on the date of the sentencing." Even if this provision were relevant, however, § 7031(b)(1) also provides that "Only a single credit shall be awarded in cases of consecutive sentences, and no credit for one period of time shall be applied to a later period." Since this is exactly what the Petitioner is seeking in this case, the court concludes that § 7031(b)(1) does not change the court's analysis under *Coe*.

serving a portion of the sentence on furlough. There is no basis for such an interpretation. It ignores the important principle that he is not entitled to credit against the Vermont sentence during a period when he is receiving credit against the Connecticut sentence.

The court declines to change the meaning of *Coe*. Petitioner received credit on his Connecticut sentence up to May 26, 1999. Thus he is not entitled to credit against the Vermont sentence.

Even if the court were to consider Petitioner's argument, taking Petitioner's evidence in the light most favorable to the Petitioner, the facts do not support his claim. The sole piece of evidence in favor the Petitioner's case is the Connecticut Department of Mental Health and Addiction Services report from June 1998 recommending treatment and rehabilitation services that might possibly be provided in a halfway house. The Petitioner has offered no evidence tending to show that the Connecticut commissioner would have implemented such a plan in the absence of the Vermont detainer. In short, the Petitioner has not met his burden to show he would have been released on furlough, even if his proposed legal standard were adopted, which it is not.

*Motion to Dismiss*

Respondent also argued that this case should be dismissed on grounds of *res judicata* because of a prior case Petitioner initiated in 1999. This motion should be addressed to the extent it relates to the seven days of credit to which Petitioner is entitled based on the above ruling on the Motion for Summary Judgment.

The 1999 case was filed by Mr. Bosley in the criminal court, but transferred to civil court by the judge with the direction that it was to be addressed as a claim for post- conviction relief. It was subsequently pursued based on a claim that Petitioner was not brought to trial within the time period required by the Interstate Agreement on Detainers. The case was dismissed on June 27, 2003 based on a ruling without explanation on a Motion for Reconsideration and Renewed Motion for Summary Judgment. The substance of the motion related to the time requirements of the Interstate Agreement on Detainers in bringing a case to trial.

Res judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the 'parties, subject matter and causes of action are identical or substantially identical.'" *Lamb v. Geovjian*, 165 Vt. 375, 379 (1996). It applies not only to claims that were actually litigated in a prior case, but also to claims that could have been litigated, but were not. *Id.*

It is clear that the claim in this case was not litigated in the 1999-2003 case. As to whether it could have been litigated, the record shows that the prior case was pursued as a petition for post-conviction relief. The opposing party was the Chittenden County State's Attorney. The Commissioner of the Department of Corrections was not a party and not involved, as the issue was not proper calculation of sentence, but whether or not the Petitioner had been brought to trial within time requirements. Because the parties and claims are not substantially identical, *res judicata* does not support the Respondent's Motion to Dismiss in this case.

<u>Order</u>

1. The Petitioner's Motion for Summary Judgment is *granted* as to his request for credit from May 26, 1999 to June 2, 1999, and otherwise *denied*.

2. The Respondent's Motion to Dismiss is *denied*.

3. Petitioner's lawyer shall prepare a judgment.

Dated in Woodstock, Vermont this 20th day of July, 2016.

Mary Miles Teachout
Mary Miles Teachout
Superior Court Judge

**FILED**

JUL 2 6 2016

VERMONT SUPERIOR COURT
WINDSOR UNIT