Filed 06/20/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-03062

---

Julio Davila v Nicholas Deml

---

### Opinion and Order on Cross-Motions for Summary Judgment

The uncontested summary judgment record establishes that Plaintiff Julio Davila absconded from furlough in Vermont, and a Commissioner's warrant for his arrest was issued. *See* 28 V.S.A. § 808e(b). While at large, he picked up new charges in Massachusetts, and was arrested and incarcerated there—in part, due to the Vermont warrant. When the Massachusetts charges were resolved in his favor, he was released from Massachusetts custody and returned to Vermont custody. The Vermont Department of Corrections ("DOC") stopped giving Mr. Davila credit on his Vermont sentence when he absconded and did not resume giving him credit until he was returned to Vermont custody. In this case, Mr. Davila claims that he is entitled to credit on his Vermont sentence while in Massachusetts custody from the moment he was arrested in Massachusetts. The parties have filed cross-motions for summary judgment addressing whether Mr. Davila is entitled to any credit against his Vermont sentence related to his incarceration in Massachusetts.

The Court makes the following determinations.

### I. Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every

action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The Court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380. Where, as here, there are cross-motions for summary judgment, the parties opposing summary judgment "are entitled to the benefit of all reasonable doubts and inferences." *Montgomery v. Devoid*, 2006 VT 127, ¶ 9, 181 Vt. 154, 156.

II.     Analysis

Generally, inmates are entitled to sentence credit for time spent on furlough. *See* 28 V.S.A. § 726 ("Each day an offender is supervised in a conditional reentry program shall be counted as one day served for the total effective sentence."). Obviously, once an inmate absconds, he is no longer being supervised on furlough and is not otherwise incarcerated. Thus, when Mr. Davila absconded from furlough, the DOC stopped giving

him sentence credit. Mr. Davila does not object to that. He argues, instead, that, once he was arrested in Massachusetts, the Vermont DOC was required to start giving him credit again under both 28 V.S.A. § 808e(c) and 13 V.S.A. § 7031(c). The Court is not persuaded.

Once Mr. Davila absconded, he was no longer being supervised on furlough for purposes of 28 V.S.A. § 726, and the DOC properly stopped crediting him as though he were being supervised at that point. Mr. Davila relies in the first instance on 28 V.S.A. § 808e(c), which provides: "A person for whom an arrest warrant is issued pursuant to this section [after absconding] shall not earn credit toward service of the person's sentence for any days that the warrant is outstanding." Mr. Davila contends that the warrant in his case was no longer outstanding once he was arrested in Massachusetts. He then takes the statute to mean that, once the warrant is no longer outstanding, no matter the circumstances, the DOC must resume giving the inmate sentence credit.

Section 808e(c), however, does not speak affirmatively as to when sentence credit resumes after a furloughee absconds. It merely says that there can be no credit between when the warrant issued and when the abscondee is taken back into custody. There is no allegation that the DOC violated § 808e(c) in that regard. Had Mr. Davila been arrested in Vermont, then his Vermont incarceration and supervision would have resumed, and it would be true that his right to sentence credit would have as well. But that is not what happened in this case. Section 808e(c) merely prohibits sentence credit in certain circumstances. Mr. Davila turns it on its head by interpreting it as an affirmative declaration to award proactively credit in circumstances where credit would not

otherwise be appropriate. Nowhere does Mr. Davila claim that he was under DOC supervision while incarcerated in Massachusetts.

Mr. Davila additionally maintains that he is entitled to credit while incarcerated in Massachusetts under 13 V.S.A. § 7031(c). That statute provides: "If any such person is committed to a jail or other place of detention to await transportation to the place at which his or her sentence is to be served, his or her sentence shall commence to run from the date on which he or she is received at the jail or the place of detention." He claims that when he was arrested in Massachusetts, he promptly waived extradition, and thereafter was just waiting to be returned to Vermont. This argument completely distorts the basic and undisputed facts of this case.

The undisputed record shows that Mr. Davila's incarceration in Massachusetts lasted as long as his Massachusetts charges did. He was not simply waiting to be returned to Vermont. He was also waiting for his Massachusetts charges to be resolved and subject to $20,000 bail in that jurisdiction. As a result, his Vermont sentence was not the only basis for his detention in Massachusetts.

Under such circumstances, Vermont law is clear: "Where a Vermont defendant seeks presentence credit for days spent in custody in another jurisdiction, he bears the burden of establishing that the charge on which sentence is imposed was *the sole basis of the custody at issue*." *State v. Coe*, 150 Vt. 448, 452 (1988) (emphasis added). Mr. Davila simply cannot make that showing in this case. Accordingly, even if Plaintiff were somehow correct as to his interpretation of Section 808e(c), *Coe* would preclude him from receiving credit under the circumstances of this case.

Ultimately, Mr. Davila has failed to prove that the DOC improperly failed to give him sentence credit during his incarceration in Massachusetts.

<u>Conclusion</u>

For the foregoing reasons, Mr. Davila's summary judgment motion is denied; the State's is granted.

Electronically signed on Wednesday, June 19, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge