867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Calvin McLEAN, Defendant-Appellant.
 No. 88-5506.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 30, 1988.
Decided: Jan. 13, 1989.
 
 Charles Lee Nutt, for appellant.
 Thomas Francis O'Neil, III (Office of the U.S. Attorney), for appellee.
 Before JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Calvin McLean pleaded guilty to a single count of conspiracy to distribute 100 grams or more heroin, in violation of 21 U.S.C. Sec. 846. This offense occurred while McLean was serving an eight-year federal sentence for a prior conviction of heroin distribution. The district court sentenced McLean to 12 years imprisonment and, accepting the government's recommendation, ordered that the sentence run concurrently with his existing sentence. McLean appeals, contending that the commencement of his sentence should be retroactive to the beginning of his existing sentence in order to effectuate the district court's intentions, as expressed at the sentencing hearing. Because we find no error in the district court's sentence, we affirm.
 
 
 2
 The 12-year sentence imposed by the district court is well within the statutory limits of the offense at issue. McLean properly does not contend that the district court abused its discretion in imposing this sentence. Consequently, the sentence is not properly the subject of appellate review. See United States v. Barrow, 540 F.2d 204 (4th Cir.1976); United States v. Ingram, 530 F.2d 602 (4th Cir.1976).
 
 
 3
 In fact, the district court had no power to impose the sentence sought by McLean. A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served. Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C.Cir.1983); United States v. Flores, 616 F.2d 840, 841 (5th Cir.1980); 18 U.S.C. Sec. 3568.[1]
 
 
 4
 To the extent that there is a question of whether the practical effect of the sentence imposed accurately reflects the intention of the district court, a subject upon which we express no opinion, it is one that is properly addressed to the district court, not this Court.[2]
 
 
 5
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the briefs before this Court and argument would not aid in the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 3568 continues in effect for offenses committed prior to November 1, 1987. For offenses committed after that date, this section has been recodified as 18 U.S.C. Sec. 3585
 
 
 [2]
 We note that former Fed.R.Crim.P. 35(b), which provides the defendant with a mechanism for bringing a question of this nature before the district court, continues in effect for offenses committed before November 1, 1987. See Sec. 24 of Pub.L. 100-182, notes foll. 18 U.S.C. Sec. 3553