**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 1 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

VINCENT A. DEMARTINO,

        Petitioner-Appellant,

v.

R.G. THOMPSON, Warden;
KATHLEEN HAWK, Director,
Bureau of Prisons,

        Respondents-Appellees.

No. 96-6322
(D.C. No. CIV-96-515-R)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Vincent A. DeMartino, a federal inmate, appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. We exercise jurisdiction under 28 U.S.C. § 1291; review the district court's legal conclusions de novo, see Harvey v. Shillinger, 76 F.3d 1528, 1532 (10th Cir.), cert. denied 117 S. Ct. 253 (1996); and affirm.

## I.      BACKGROUND

Mr. DeMartino is a prisoner in the federal correctional institution in El Reno, Oklahoma, where he is serving a sentence imposed by the United States District Court for the Eastern District of New York. In December 1991, when he was on parole from a federal offense, Mr. DeMartino was arrested in New York City for possession of a handgun and taken into federal custody under a parole violation warrant. The arrest led to the decision of the United States Parole Commission, on March 2, 1992, to revoke Mr. DeMartino's parole and impose the remainder of his sentence (nine years, ten months, and twenty days) as a parole violator term. Mr. DeMartino administratively appealed the decision.

Also as a result of the arrest, Mr. DeMartino was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At a sentencing hearing held on April 23, 1993, the court sentenced him for "a period of 48 months, the sentence to run consecutive with the [nine-year violator] sentence that the defendant is presently serving." Appellant's App. at 15. The

judgment order, entered the same day, stated that the sentence was "sixty-three months imprisonment, forty-eight of which is to run consecutively to the sentence he is concurrently serving." Id. at 19. The United States Bureau of Prisons implemented the sentence as written: fifteen months to be served concurrently with the violator term and forty-eight months to be served consecutively.

In the summer of 1995, the Parole Commission reversed its order on the parole violator charge and issued a nunc pro tunc order of re-parole, effective July 17, 1993. The nunc pro tunc order ended Mr. DeMartino's parole violator term three months after his sentencing on the § 922(g)(1) charge. Because there were twelve months remaining of the fifteen-month concurrent term, the Bureau of Prisons determined that Mr. DeMartino must serve these months consecutively to the violator term. Mr. DeMartino, however, claimed that the concurrent portion of the § 922(g)(1) sentence ended at the same time as the parole violator sentence.

After exhausting his administrative remedies, Mr. DeMartino filed this habeas action. The district court denied the petition[1] and Mr. DeMartino now appeals, arguing that he is entitled to habeas relief for two reasons: (1) an alleged

---

[1] The district court referred the petition to a magistrate judge and, on June 27, 1996, the magistrate judge concluded that the Bureau of Prisons had properly implemented the sentence. Mr. DeMartino filed written objections to the magistrate's report and recommendation. On September 5, 1996, the district court denied the objections and adopted the report in its entirety.

conflict between the oral and written sentences and (2) the theory that his concurrent terms began and ended at the same time.

## II.    DISCUSSION

Mr. DeMartino's primary argument, that the oral sentence controls over the written judgment, has no place in this § 2241 habeas action. A petition under § 2241, filed in the district where the petitioner is confined, is used to attack the execution of a sentence. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In contrast, an attack on the validity of a sentence requires a petition under § 2255. See McIntosh v. United States Parole Comm'n, No. 96-1221, 1997 WL 321272, at *2 (10th Cir. June 13, 1997). Such a petition must be filed in the district that imposed the sentence. See Bradshaw, 86 F.3d at 166.

As the district court properly concluded, Mr. DeMartino's assertion raises the issue of what sentence was actually imposed. Because it presents an undiluted challenge to the validity of the sentence itself, the claim must be brought to the sentencing court, under § 2255. We agree that the district court lacked jurisdiction to consider this aspect of Mr. DeMartino's argument.

We also agree with the district court's disposition of the contention that the concurrent portion of the § 922(g)(1) sentence must be fully concurrent with the parole violator term. "[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the

-4-

second sentence runs together with *the remainder* of the one then being served."

Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) (italics in original).

Essentially, Mr. DeMartino is arguing that both the parole violator and § 922(g)(1) terms began in December 1991, when the parole violator warrant was executed, and ended in July 1993, when the nunc pro tunc order of re-parole was issued. This theory merges the two separate steps involved in the Bureau of Prisons' computation of a federal sentence: first, the establishment of the commencement date, governed by 18 U.S.C. § 3585(a); and second, a determination of credit for time already spent in custody, governed by 18 U.S.C. § 3585(b).

Under § 3585(a), a federal sentence commences on the date the defendant is received in custody to begin service of his sentence.[2] Logically, it "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980). Thus, Mr. DeMartino did not begin his § 922(g)(1) term of imprisonment until he was sentenced on that offense.

---

[2] Section 3585(a), a provision of the Sentencing Reform Act of 1984, became effective in 1987. Its predecessor, § 3568, also provided that a federal sentence commences when the defendant is received into federal custody. See United States v. Fuentes, 107 F.3d 1515, 1520 (11th Cir. 1997). Case law determining commencement date under § 3568 is equally applicable to § 3585(a).

The second step in the computation involves a determination of whether a defendant is entitled to any credit for time spent in custody prior to commencement of the sentence. Under § 3585(b), a defendant may receive credit for such time if it "has not been credited against another sentence." Through this provision, Congress made it "clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Accordingly, Mr. DeMartino's § 922(g)(1) sentence is not shortened through operation of § 3585(b). The time he spent in official detention prior to sentencing was credited against the parole violator term and may not also be credited against the § 922(g)(1) sentence.

## III.   CONCLUSION

Because Mr. DeMartino did not serve the full fifteen months of the concurrent term during the period between sentencing and re-parole, he must serve the remainder of that time consecutively, followed by the forty-eight months of the consecutive term. For substantially the same reasons relied upon by the district court, we AFFIRM the judgment of the United States District Court for the Western District of Oklahoma. We GRANT Mr. DeMartino's motion to file a supplemental appendix.

Entered for the Court

Wade Brorby
Circuit Judge

-6-