NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 59

No. 2016-186

| | |
|---|---|
| Shayne Fleming-Pancione | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Lisa Menard, Commissioner, | November Term, 2016 |
| Department of Corrections | |

Timothy B. Tomasi, J.

Shayne Fleming-Pancione, Pro Se, Baldwin, Michigan, Plaintiff-Appellant.

William H. Sorrell, Attorney General, and Ultan Doyle, Assistant Attorney General, Montpelier, for Defendant-Appellee.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** Petitioner Shayne Fleming-Pancione is an inmate supervised by the Department of Corrections (DOC). He appeals the determination of the superior court that he was not entitled to a reduction in his Vermont sentence for time spent serving an earlier sentence in Massachusetts. We affirm.

¶ 2. The following facts are undisputed by the parties. In August 2003, petitioner was charged with armed robbery in Massachusetts. He pled guilty and was sentenced to serve seven to ten years in prison. In 2010, after serving approximately seven years of his Massachusetts sentence, petitioner was released on community supervision.

¶ 3. In September 2011, petitioner was charged in Vermont with grand larceny and assault and robbery based on conduct that was alleged to have occurred in August 2011, and a warrant was issued for his arrest. Petitioner was arrested in December 2011 and held in a Vermont correctional facility.

¶ 4. In December 2012, petitioner pled guilty to grand larceny in the Vermont Superior Court, Windham Criminal Division. The court sentenced him to incarceration of eight years to eight years and one day. The sentencing court ordered that the sentence was to run "conc[urrent] to MA sentence serving now" and to a federal sentence that was yet to be imposed.[1] The court also ordered that petitioner was entitled to "[c]redit for time served according to law including from 12/22/11 to this date."

¶ 5. DOC calculated petitioner's minimum release date to be December 19, 2019, and his maximum release date to be December 20, 2019. It granted petitioner credit against his sentence for the time he spent in custody following his December 2011 arrest while his Vermont case was pending. In January 2016, petitioner asked DOC to recalculate his sentence to give him credit for the period when he was incarcerated in Massachusetts prior to his arrest on the Vermont charges. DOC denied petitioner's request.

¶ 6. Petitioner then filed a complaint in superior court seeking review of DOC's action pursuant to Vermont Rule of Civil Procedure 75. He attached exhibits and a memorandum of law to his complaint. DOC filed a memorandum of law opposing petitioner's complaint, along with a supporting affidavit. Because the issues were fully briefed and the facts were undisputed, the superior court treated the parties' filings as though they had sought summary judgment. The superior court ruled that the earliest possible date when petitioner's two sentences began to run concurrently was the date when Vermont proceedings began. It held that petitioner was not entitled to presentence credit for the time he spent in Massachusetts custody because he was not being held

---

[1] Petitioner's federal sentence is not at issue in this case.

2

in connection with the Vermont charges during that time. The court also ruled that petitioner's Vermont charges were not the sole basis for his Massachusetts incarceration, which precluded him from receiving presentence credit for time served in that jurisdiction. The court granted summary judgment in favor of DOC.

¶ 7. We review summary judgment decisions de novo, applying the same standard as the trial court. Demag v. Better Power Equip., Inc., 2014 VT 78, ¶ 9, 197 Vt. 176, 102 A.3d 1101. "Summary judgment should be granted when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Rubin v. Town of Poultney, 168 Vt. 624, 625, 721 A.2d 504, 506 (1998) (mem.); see also V.R.C.P. 56(a). Because there are no disputed issues of fact, the issue before us is solely one of law.

¶ 8. We note at the outset that petitioner's arguments on the applicable law can be confusing because they go back and forth between two subjects: (1) the meaning of sentence concurrency when sentences have commenced or will commence at different times; and (2) the service credit that must be given for a sentence that partially overlaps with a later concurrent sentence. The important facts about the sentences involved here are that one—the Massachusetts sentence—commenced in 2003 and was mostly served by the time the other commenced at the end of 2012. Petitioner's argument is that Vermont law requires that concurrent sentences be treated as if they commenced on the same date and that date is the earlier start date. In our view, the validity of this argument decides this case, and since we reject petitioner's interpretation of Vermont law, we agree with the superior court that DOC correctly implemented petitioner's sentence.

¶ 9. This case turns on the meaning of the phrase "terms run concurrently." Vermont's sentencing statute provides that "[w]hen terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum and the shorter maximum terms merge in and

3

are satisfied by discharge of the longest maximum term." 13 V.S.A. § 7032(c)(1). It also provides, however, that "[w]hen . . . multiple sentences are imposed they shall run concurrent with or consecutive to each other as the court determines at the time of sentencing and each shall run from its respective date of commitment after sentence." Id. § 7032(b). The meaning of § 7032(b) is reinforced by § 7031(b), which provides that "[t]he sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence."

¶ 10. Petitioner argues that because his Vermont sentence was imposed concurrent to his Massachusetts sentence, both sentences should be calculated as if they commenced on the same date. In petitioner's view, his Vermont sentence and his Massachusetts sentence merged to create an effective sentence of eight to ten years that began to run in 2003, when he was first incarcerated in Massachusetts, and expired in 2013. This would result in petitioner receiving roughly eight years of credit toward his Vermont sentence for time served before the 2011 Vermont offenses were committed. He claims under this theory that he is entitled to immediate release.

¶ 11. While petitioner's reading of the effect of § 7032(c)(1) may be plausible, even though the statutory language does not address when merged concurrent sentences commence to run, it conflicts with the directions of § 7032(b) that each sentence, whether concurrent or consecutive, "shall run from its respective date of commitment under sentence" and § 7031(b) that a sentence "shall commence to run" when the defendant enters the correctional facility for that sentence. We interpret these sections to mean that a criminal sentence of incarceration begins on the date of incarceration and not before. We must apply all of these statutory sections together as a whole. Galkin v. Town of Chester, 168 Vt. 82, 87, 716 A.2d 25, 29 (1998). Petitioner's argument does not meet this standard.

¶ 12. We return to the language of § 7032(c)(1), namely, that the subsection applies only "[w]hen terms run concurrently." Petitioner construes this language to apply whenever there is an

4

overlap in sentences—however short—and the court imposing the later sentence specifies that the sentence is concurrent to the sentence imposed earlier. It is this interpretation that underlies his argument that the sentence imposed later in time must be deemed to commence when the earlier sentence commenced and creates the conflict with the other statutory sections. We must reconcile the statutes and eliminate the conflict if possible. The most reasonable way to do so is to interpret § 7032(c)(1) to apply only if the concurrent sentences commence on the same date or are expected to do so. In this way, the terms fully run concurrently rather than simply overlapping and the start dates for each of those sentences are those specified in §§ 7031(b) and 7032(b).

¶ 13. Beyond reconciling the statutory sections, there are other reasons to adopt this construction. To rule otherwise would lead to results that we believe were not intended by the Legislature or the sentencing judge who declared that the sentences would be concurrent. State v. Blondin, 164 Vt. 55, 57, 665 A.2d 587, 589 (1995) ("[W]e are not confined to a literal reading of the statute if applying its plain language would conflict with its purpose or lead to unjust, absurd, or irrational consequences."). If petitioner's interpretation of § 7032(c)(1) were correct, and imposing a new sentence concurrent to an existing sentence meant that the two sentences had the same starting date, from 2003 to 2011 petitioner would have been serving time in Massachusetts for a crime he had not yet committed in Vermont. Further, the eight-year incarcerative sentence imposed by the Vermont court would be reduced to only a few months. In our view, the sentencing court's order that petitioner was to serve his Vermont sentence concurrently with his Massachusetts sentence meant only that petitioner did not have to serve out the remainder of his Massachusetts sentence before beginning his Vermont sentence.

¶ 14. Our conclusion is in accord with federal and state case law addressing analogous situations. The federal decisions are particularly persuasive because 13 V.S.A. § 7031(b) is modeled after the virtually identical federal statute, 18 U.S.C. § 3585(a). See Blondin, 164 Vt. at 57-58, 58 n.2, 665 A.2d at 589-90, 590 n.2 (explaining that 13 V.S.A. § 7031(b) "modeled after a

5

virtually identical federal statute," then codified at 18 U.S.C. § 3568 and since amended and recodified at 18 U.S.C. § 3585(a)).

¶ 15.    Thus, in the recent case of Coloma v. Holder, the United States Court of Appeals for the Eleventh Circuit rejected a prisoner's claim that a 1994 federal sentence imposed concurrent to a 1991 federal sentence he was then serving was retroactive to the beginning of the 1991 sentence.  445 F.3d 1282, 1284-86 (11th Cir. 2006).  The court ruled that "[w]hatever else the word [concurrent] means with regard to the second sentence, . . . it does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.' "  Id. at 1284 (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)).  The court held that this interpretation was consistent with federal sentencing guidelines and with the federal sentencing statute, "which says that service of the sentence commences when the defendant arrives in prison."  Id. at 1285.  It concluded that the prisoner's second sentence began to run when he returned to federal detention following sentencing.  Id.

¶ 16.    The vast majority of federal courts agree that when a sentence is imposed concurrent to a sentence already being served, the second sentence runs concurrently with the remaining portion of the earlier sentence.  See Schleining v. Thomas, 642 F.3d 1242, 1248 n.8 (9th Cir. 2011); Demartino v. Thompson, No. 96-6322, 1997 WL 362260, at *2 (10th Cir. July 1, 1997); United States v. McLean, No. 88-5506, 1989 WL 5457, at *1 (4th Cir. Jan. 13, 1989) (per curiam); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983); Flores, 616 F.2d at 841; see also U.S. ex rel. Del Genio v. U.S. Bureau of Prisons, 644 F.2d 585, 589 (7th Cir. 1980) (suggesting that federal sentence may begin to run before it is imposed, but declining to interpret petitioner's sentence to be retroactively concurrent absent explicit order to that effect).

¶ 17.    State courts faced with arguments like petitioner's here have reached the same conclusion.  See Bullard v. Dep't of Corr., 949 P.2d 999, 1002 (Colo. 1997) (en banc) ("When two

sentences run concurrently, it merely means that, for each day in custody while serving both sentences, the inmate receives credit toward each sentence. Concurrent sentences do not necessarily begin and end at the same time—they simply run together during the time that they overlap."); State v. Bellamy, 908 N.E.2d 522, 525 (Ohio. Ct. App. 2009) ("[T]he imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the undischarged portion of the previously imposed sentence." (quotation omitted)); Kline v. State, 437 S.W.3d 290, 294 (Mo. Ct. App. 2014) ("A Missouri criminal sentence cannot be made concurrent with another sentence retroactively; to do so would be equivalent to having the sentence commence before it was even imposed."). We find these decisions to be persuasive.[2]

¶ 18. As we noted at the outset, petitioner also argues that his desired result is supported by the Vermont law on credit for time served as we explained the law in State v. Blondin.[3] His argument is that Blondin requires that we give him credit against the Vermont grand larceny sentence for his incarceration time pursuant to the Massachusetts armed robbery sentence. We also find this argument unpersuasive. In Blondin, the petitioner was arrested for assault while he was on parole for an earlier murder conviction. His parole was revoked, and he was given credit toward his paroled sentence for the time he spent in custody following his assault arrest. He received a sentence of eleven to twelve months for the assault charge, which was imposed consecutive to the remainder of his paroled sentence. The petitioner argued that he was entitled to

[2] Petitioner argues that his position is supported by the Colorado Supreme Court's statement that "concurrent sentences obviously commence at the same time." Schubert v. People, 698 P.2d 788, 795 (Colo. 1985). This appears to have been true of the sentences at issue before the court in that case. However, Schubert did not consider a situation like the one here, where a later sentence is imposed concurrent to one already being served. To the extent that Schubert announced a rule, it appears to have been tacitly overruled by the court's subsequent decision in Bullard.

[3] Petitioner's argument rests mainly on a superior court decision, Serre v. Pallito, No. 45-2-15 Bncv (Vt. Sup. Ct. June 24, 2015). The superior court's ruling is not binding on this Court, and we do not find it persuasive in petitioner's case. We take no position as to whether Serre was correctly decided on its facts, as we do not have the record of that case before us.

credit toward the assault sentence for the time he spent in custody prior to sentencing under the plain language of 13 V.S.A. § 7031(b), which at that time provided that a defendant was entitled to "credit toward service of his sentence for any days spent in custody in connection with the offense for which sentence was imposed." Blondin, 164 Vt. at 57-58, 665 A.2d at 589 (quoting 13 V.S.A. § 7031(b) (1974)). We disagreed, reasoning that granting petitioner's request would effectively make the two sentences concurrent for the six-month period when he was in jail prior to the imposition of the second sentence. Id. at 56, 665 A.2d at 589. This result would undermine the trial court's ability to impose consecutive sentences and provide incentives to manipulate the timing of judicial proceedings so as to shorten or lengthen the final sentence. Id. at 61, 665 A.2d at 591-92. We therefore announced the following rule:

> [W]hen a defendant is incarcerated based on conduct that leads both to revocation of probation or parole and to conviction on new charges, the time spent in jail before the second sentence is imposed should be credited toward only the first sentence if the second sentence is imposed consecutively, but toward both sentences if the second sentence is imposed concurrently.

Id. at 61, 665 A.2d at 592.

¶ 19. We subsequently applied the Blondin rule in State v. LeClair, 2013 VT 114, ¶ 13, 195 Vt. 295, 88 A.3d 1186. LeClair involved a defendant who was arrested for burglary in March 2010 and held without bail. After six months in custody, the defendant was released subject to several conditions, including the condition that he complete the Chittenden County Adult Drug Treatment Court (ADTC) program. He pled guilty to the burglary charge with the understanding that if he completed the ADTC program, he would be given a suspended sentence of two to five years, but that if he was terminated from the program, the State could argue for a longer sentence. The defendant was incarcerated on new charges in April 2012 and was terminated from the ADTC program. He received on the same day a sentence of three to five years for the 2010 burglary and a sentence of two to five years for the 2012 offenses, to be served concurrently with the burglary sentence. He was given credit against his 2010 sentence for the time he was held without bail in

8

2010, and was given credit against his 2012 sentence for the time he was held between his 2012 arrest and sentencing. The defendant moved to correct or modify his sentence, arguing that he was entitled to credit against both sentences for the time he spent in custody between his arrest and sentencing on the 2012 charges. We agreed, holding that because the sentences were imposed concurrently, the defendant was entitled to credit against both sentences. Id. ¶ 13.

¶ 20. Neither Blondin nor LeClair supports petitioner's claim that he is entitled to credit against his Vermont grand larceny sentence for time served prior to his arrest for that offense on an unrelated armed robbery sentence. The presentence credit provided for by these decisions and the applicable statute, 13 V.S.A. § 7031(b), is awarded for the time a person is incarcerated as a result of the conduct on which the sentence is ultimately based. Both the current version of § 7031(b) and the version in effect at the time of petitioner's sentencing make this clear. See 13 V.S.A. § 7031(b) (2013) (awarding credit toward particular sentence for "all days served from the date of arraignment or the date of the earliest detention for the offense"); 13 V.S.A. § 7031(b) (2009) (awarding presentence credit "for any days spent in custody in connection with the offense for which sentence was imposed."). There is simply no provision in the statute or the applicable case law for credit for incarceration before arrest on an unrelated offense, the situation here.[4]

¶ 21. In this case, petitioner has failed to establish that the time he spent in custody in Massachusetts was related solely to the Vermont charges, as required by our decision in State v. Coe, 150 Vt. 448, 554 A.2d 656 (1988). In Coe, the defendant sought presentence credit against his Vermont sentence for time spent incarcerated in New York on an unrelated charge that resulted in his Vermont probation being revoked. The defendant argued that because his New York incarceration was partly attributable to his Vermont arrest warrant, he ought to receive presentence credit for that time. We held that "[w]here a Vermont defendant seeks presentence credit for days

---

[4] As noted previously, petitioner did receive credit against his Vermont sentence for the time he spent in custody between his December 2011 arrest and December 2012 sentencing.

spent in custody in another jurisdiction, he bears the burden of establishing that the charge on which sentence is imposed was the sole basis of the custody at issue." Id. at 452, 554 A.2d at 659. We concluded that the defendant met this standard and was entitled to credit against his Vermont sentence for time spent in custody in New York following the completion of his New York sentence when he was awaiting transport to Vermont. We remanded for calculation of the appropriate credit. Id.

¶ 22. Unlike the defendant in Coe, petitioner has failed to show that his Vermont charges were the sole basis for any of the time he spent in custody in Massachusetts. The record shows that the period of incarceration in Massachusetts for which he seeks credit was related solely to the Massachusetts charges, and ended prior to his being charged in Vermont. Thus, he is not entitled to credit against his Vermont sentence for the time he served in Massachusetts.

¶ 23. In essence, petitioner is attempting to establish a connection between the Massachusetts sentence and the Vermont sentence through the concurrent sentence statute, 13 V.S.A. § 7032(c), exactly the argument we rejected above. As we held there, the statute does not allow the establishment of an earlier commencement date for the later sentence so the terms run together and service of the first sentence is service of the second later sentence. Petitioner cannot reach the same conclusion by seeking that service of the earlier sentence be treated as credit against the later sentence.

Affirmed.

FOR THE COURT:

_____
Associate Justice